IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LIZ OWEN,

        Plaintiff,

v.                                                    No. Civ. 1:15-cv-00314-JCH-KBM

SPROUTS FARMERS MARKET,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On April 23, 2015, Defendant Sprouts Farmers Market filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Memorandum in Support Thereof (ECF No. 14). The Court, having considered the pleadings, motion, briefs, relevant law, and otherwise being fully advised, concludes that Defendant's motion to dismiss should be denied and Plaintiff's request for leave to file an amended complaint should be granted.

**I.     FACTUAL BACKGROUND**

Plaintiff Liz Owen began working for Defendant in July 2009 as an Office Manager. Compl. ¶ 6, ECF No. 1-1. In the summer of 2013, "Plaintiff began noticing that employees were being required to work through the lunch hour even though they were not being paid for the time." *Id.* ¶ 7. Plaintiff brought this issue to her manager several times, but the practice continued. *Id.* ¶ 8. In August 2013, Plaintiff brought up the issue of "employees working off the clock" to her District Manager. *Id.* ¶ 9. A few days later, Plaintiff was called into her store manager's office with her manager and the Regional Loss Prevision Manager, and they told her "to sign a write up or she would be terminated." *Id.* ¶ 11. Although the write up contained

inaccurate and misleading statements and she requested the statement be changed, they pressured her to sign the document and told her she would be immediately terminated if she did not sign it. *Id.* After she signed the write up, they terminated her employment. *See id.* ¶ 12.

On January 15, 2015, Plaintiff filed a one-count complaint for wrongful discharge, claiming she was terminated in retaliation for her communications to Defendant that "unethical, improper and illegal employment practices were occurring." *Id.* ¶ 17. On April 23, 2015, Defendant filed a motion to dismiss arguing that the complaint must be dismissed for failure to state a claim under Federal Rule Civil Procedure 12(b)(6). Def.'s Mot. 1, ECF No. 14. Defendant contends that the Complaint fails to allege Defendant terminated Plaintiff because she performed an act that public policy authorizes or encourages. Defendant argues that the Complaint does not allege that she violated public policy, nor does it identify the source of any claimed public policy. Finally, Defendant asserts that the Complaint does not allege a sufficient nexus between the public policy and her discharge.

In her response, Plaintiff contends that she has stated a claim because it is a "violation of the New Mexico Minimum Wage Act to require employees to work without compensation," citing N.M. Stat. Ann. § 50-4-22, and that "New Mexico law is clear that employers cannot compel employees to work off the clock without pay during their meal periods." Pl.'s Resp. 2, ECF No. 15. Plaintiff asserts that she reported Defendant's failure to follow state law for the benefit of other employees and her complaints were of a general public concern. *Id.* at 3. Alternatively, Plaintiff requests leave to amend her complaint. *Id.*

**II.   STANDARD**

While Federal Rule of Civil Procedure 8(a)(2) requires only that a Plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless

requires the plaintiff to make factual allegations that "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice to allege a claim that can survive a motion to dismiss under Rule 12(b)(6). *See id.* A complaint must set forth factual allegations that "raise a right to relief above the speculative level." *Id.* When reviewing a plaintiff's complaint in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

A party may amend her pleading once as a matter of right within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave, after the permissive period has elapsed, is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Dismissal with prejudice may be appropriate where a complaint fails to state a claim and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be

subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

**III.   ANALYSIS**

New Mexico recognizes the tort of retaliatory discharge in which a discharged at-will employee may recover in tort when her discharge contravenes a clear mandate of public policy. *Chavez v. Manville Products Corp.*, 108 N.M. 643, 647, 777 P.2d 371, 375 (1989). Retaliatory discharge is a "narrow exception" to the employment at will rule. *Shovelin v. Central New Mexico Elec. Coop., Inc.*, 115 N.M. 293, 304, 850 P.2d 996, 1007 (1993). To prevail on a retaliatory discharge claim, an employee must show that she was discharged because she performed an act that public policy has authorized or would encourage, or because she refused to do something required of her by her employer that public policy would condemn. *Chavez*, 108 N.M. at 647, 777 P.2d at 375 (quoting *Vigil v. Arzola*, 102 N.M. 682, 689, 699 P.2d 613, 620 (N.M. Ct. App. 1983), *rev'd on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984)). The employee additionally must demonstrate that the employer knew or suspected that the employee's action involved a protected activity and that there was a causal connection between her actions and the retaliatory discharge by the employer. *Shovelin*, 115 N.M. at 303, 850 P.2d at 1006; *Weidler v. Big J Enterprises, Inc.*, 1998-NMCA-021, ¶ 23, 953 P.2d 1089 (1997).

The "linchpin" of the retaliatory discharge tort "is whether by discharging the complaining employee the employer violated a 'clear mandate of public policy.'" *Shovelin*, 115 N.M. at 303, 850 P.2d at 1006 (quoting *Vigil*, 102 N.M. at 688, 699 P.2d at 619). "A clear mandate of public policy sufficient to support a claim of retaliatory discharge may be gleaned from the enactments of the legislature and the decisions of the courts" and may fall into one of the following categories:  (i) legislation defining public policy and providing a remedy for

4

violation of that policy; (ii) legislation providing protection of an employee without specifying a remedy; (iii) legislation defining a public policy without specifying either a right or remedy, requiring judicial recognition of both; and (iv) instances where there is no expression of public policy and the judiciary would have to imply a right and remedy.  *Id.*  Not every expression of public policy, even if set forth in a statute, will suffice to state a claim for retaliatory discharge. *Id.*  The employee must identify a specific expression of public policy in order to state a claim. *See id.* at 303-04, 850 P.2d at 1006-07.

Reporting to a public agency is not a necessary predicate for a retaliatory-discharge suit; an employee may be able to bring a retaliatory-discharge claim even when the employee reports information only to her supervisor.  *See Garrity v. Overland Sheepskin Co. of Taos*, 1996-NMSC-032, ¶¶ 23-24, 917 P.2d 1382.  "[W]hen evaluating a retaliatory-discharge claim in which an employee has asserted a clear mandate of public policy but did not alert the appropriate public officials, the courts must determine on a case-by-case basis whether the employee's actions furthered some singularly public purpose or served primarily to benefit the private interest of the employer or employee."  *Id.* ¶ 24.  As the New Mexico Supreme Court explained:

> [T]here is a tension between the obvious societal benefits in having employees with access to information expose activities which may be illegal or which may jeopardize health and safety, and accepted concepts of employee loyalty; nevertheless we conclude that on balance *actions which enhance the enforcement of our laws or expose unsafe conditions, or otherwise serve some singularly public purpose*, will inure to the benefit of the public.

*Id.* (quoting *Gutierrez v. Sundancer Indian Jewelry, Inc.*, 117 N.M. 41, 48, 868 P.2d 1266, 1273 (Ct. App. 1993)) (emphasis in original).

In this case, Plaintiff's Complaint fails to state a claim as it fails to give notice of what "clear mandate of public policy" her discharge violated. She cites no statute or law in her Complaint to give notice of the basis for the public policy she claims Defendant violated.

Plaintiff, however, seeks leave to amend her complaint. Although she did not submit a copy of the complaint she would file,[1] she argues in her response that it is a violation of public policy as set forth in the New Mexico Minimum Wage Act to compel employees to work off the clock without pay during their meal periods. The Court will thus consider whether granting leave to amend her complaint to add the allegations Plaintiff suggests in her response she could add would be futile.

Section 50-4-22(D) of the New Mexico Minimum Wage Act ("MWA") provides that no employee shall be required to work more than 40 hours in any week of seven days unless he is paid one and one-half times his hourly rate for all hours worked in excess of 40 hours. N.M. Stat. Ann. § 50-4-22(D) (2008). The MWA permits suits by individual employees or the Department of Labor for violations of its provisions. *See Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 46, 168 P.3d 129 (citing N.M. Stat. Ann. § 50-4-26(A)(2), (B)(1)).

The New Mexico Supreme Court has indicated that covered employees may bring suit under the Act if they worked more than forty hours a week, their employer knew or should have known they did so, and they were not compensated for their overtime. *Self v. United Parcel Service, Inc.*, 126 N.M. 396, 403, 970 P.2d 582, 589 (1998). In *Self*, the plaintiffs brought suit under the MWA complaining that their employer failed to pay them time and a half for work in excess of 40 hours a week, and instead, automatically deducted a one-hour meal period for lunch from their hours worked, despite their employer's actual and constructive knowledge that their employees regularly worked through that period, and that their employer did not credit them for this and other "off-the-clock" work. *See id.* at 584-85. In holding that Section 301 of the Labor Management Relations Act did not preempt the employee's claims, *id.* at 584, the New Mexico

---

[1] According to District of New Mexico Local Rule 15.1, "[a] proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.

Supreme Court stated that the MWA conveys non-negotiable "rights in the form of minimum standards that the legislature intended all state workers to enjoy, without regard to a worker's relationship with a union or her or his contract with the employer," *id.* at 588.

New Mexico has expressed through legislation providing a private remedy a public policy in favor of paying employees overtime to which they are entitled. Plaintiff indicates in her response that she reported to Defendant that it was violating the MWA by failing to credit its employees for their hours worked over the lunch break and by failing to pay its employees overtime. Plaintiff suggests that she reported this practice to Defendant on behalf of other employees to benefit them, not to benefit herself or her employer. She claims she was terminated shortly after making these reports. Should Plaintiff be able to allege in an amended complaint, consistent with the requirements of Federal Rule of Civil Procedure 11, the substance of the factual assertions she suggests in her response, then she may be able to state a viable claim. *Cf. Salazar v. Furr's, Inc.*, 629 F.Supp. 1403, 1409 (D.N.M. 1986) (refusing to dismiss plaintiff's wrongful discharge claim that was premised on theory that her termination was done to prevent vesting of her pension benefits, violating public policies underlying ERISA); *Garrity*, 1996-NMSC-032, ¶ 17 (concluding plaintiff alleged an interest for which there was a clear mandate of public policy where they alleged they were fired for reporting suspected illegal activities, namely, the use of illegal drugs); *Chavez*, 108 N.M. at 647-49, 777 P.2d at 375-77 (concluding that plaintiff presented sufficient evidence at trial to require jury determination of factual issue of causal connection in part based on temporal proximity of plaintiff's refusal to participate in lobbying efforts and his termination). *See also New Mexicans for Free Enterprise v. The City of Santa Fe*, 2006-NMCA-007, ¶ 18, 126 P.3d 1149 (in concluding that MWA is general state law that could conceivably limit municipality's power to enact its own minimum wage ordinance,

stating that "hourly minimum wage is of obvious concern to workers across the state and it applies to all workers in the state").[2]

Because the Court at this time is not convinced that amendment in this case would be futile, the Court will deny Defendant's motion to dismiss and will grant Plaintiff's request for leave to amend her complaint, if she can do so in accordance with Rule 11. Plaintiff's failure to file an amended complaint with the necessary additional factual allegations within 14 days of entry of this Memorandum Opinion and Order will, however, result in the dismissal of Plaintiff's case based on Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that

1. Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Memorandum in Support Thereof (**ECF No. 14**) is **DENIED** at this time.

2. Plaintiff's request for leave to file an amended complaint is **GRANTED** if Plaintiff can do so in accordance with Rule 11.

3. Plaintiff must file her amended complaint, assuming she can do so under Rule 11, **within fourteen (14) days from the date of entry of this Memorandum Opinion and Order**. The failure to timely file an amended complaint will result in dismissal of the case.

**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant contends that it is permissible for this Court to infer, based on Plaintiff's allegation that she met with the Regional Loss Prevention Manager, that Defendant terminated her because Plaintiff was involved in the loss of monies or inventory. Def.'s Mot. 9-10, ECF No. 14. That inference is too large a leap on a motion to dismiss and the argument is more appropriately raised on summary judgment.